**RTN (8517)**
**RONALD T. NAGLE, P.C.**
52 South Street
Morristown, New Jersey 07960
Telephone: (973) 267-6780
Facsimile: (973-267-6738
Attorney for All American Games and
Douglas Berman

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| **CHAD CARPENTER**, an individual,<br><br>Plaintiff,<br><br>v.<br><br>**ALL AMERICAN GAMES**, a limited liability company, **DOUGLAS BERMAN**, an individual, and DOES 1-30, inclusive,<br><br>Defendants. | CASE NO.<br>2:16-cv-01768-DGC<br><br>**ANSWER AND AMENDED COUNTERCLAIM** |

Defendants All American Games and Douglas Berman, by way of Answer to the Complaint, say:

## THE PARTIES

1. Defendants are without knowledge sufficient to form a belief as to the allegations contained in Paragraph 1.

2. Defendants admit that AAG is a New Jersey limited liability company located in Morris County, New Jersey and deny the remaining allegations contained in Paragraph 2.

3. Defendants admit that Berman is a resident of New Jersey and that he is the Chairman of AAG and deny the remaining allegations contained in Paragraph 3.

4. Defendants are without knowledge sufficient to form a belief as to the allegations contained in Paragraph 4.

**AGENCY ALLEGATIONS**

5. Defendants do no respond to the allegations of Paragraph 5 as they are legal and not factual.

**JURISDICTION & VENUE**

6. Defendants do no respond to the allegations of Paragraph 6 as they are legal and not factual.

7. Defendants do no respond to the allegations of Paragraph 7 as they are legal and not factual.

8. Defendants deny the allegations contained in Paragraph 8.

9. Defendants deny the allegations contained in Paragraph 9.

10. Defendants deny the allegations contained in Paragraph 10.

11. Defendants deny that Plaintiff was a "football coach for the Defendant at its camps" and admits that Plaintiff worked for AAG.

12. Defendants deny the allegations contained in Paragraph 12.

13. Defendants deny the allegations contained in Paragraph 13.

14. Defendants deny the allegations contained in Paragraph 14.

15. Defendants deny the allegations contained in Paragraph 15.

## FIRST CAUSE OF ACTION

16. Defendants repeat and make a part hereof their responses to the allegations contained in Paragraphs 1 through 15.

17. Defendants deny the allegations contained in Paragraph 17.

18. Defendants deny the allegations contained in Paragraph 18.

19. Defendants deny the allegations contained in Paragraph 19.

20. Defendants deny the allegations contained in Paragraph 20.

21. Defendants deny the allegations contained in Paragraph 21.

22. Defendants deny the allegations contained in Paragraph 22.

23. Defendants deny the allegations contained in Paragraph 23.

24. Defendants deny the allegations contained in Paragraph 24.

25. Defendants deny the allegations contained in Paragraph 25.

26. Defendants deny the allegations contained in Paragraph 26.

27. Defendants deny the allegations contained in Paragraph 27.

28. Defendants deny the allegations contained in Paragraph 28.

29. Defendants deny the allegations contained in Paragraph 29.

## SECOND CAUSE OF ACTION

30. Defendants repeat and make a part hereof their responses to the allegations contained in Paragraphs 1 through 29.

31. Defendants deny the allegations contained in Paragraph 31.

32. Defendants deny the allegations contained in Paragraph 32.

33. Defendants deny the allegations contained in Paragraph 33.

34. Defendants deny the allegations contained in Paragraph 34.

35. Defendants deny the allegations contained in Paragraph 35.

36. Defendants deny the allegations contained in Paragraph 36.

37. Defendants deny the allegations contained in Paragraph 37.

38. Defendants deny the allegations contained in Paragraph 38.

39. Defendants deny the allegations contained in Paragraph 39.

40. Defendants deny the allegations contained in Paragraph 40.

41. Defendants deny the allegations contained in Paragraph 41.

42. Defendants deny the allegations contained in Paragraph 42.

43. Defendants deny the allegations contained in Paragraph 43.

44. Defendants deny the allegations contained in Paragraph 44.

## **THIRD CAUSE OF ACTION**

45. Defendants repeat and make a part hereof their responses to the allegations contained in Paragraphs 1 through 44.

46. Defendants deny the allegations contained in Paragraph 46.

47. Defendants deny the allegations contained in Paragraph 47.

48. Defendants deny the allegations contained in Paragraph 48.

49. Defendants deny the allegations contained in Paragraph 49.

50. Defendants deny the allegations contained in Paragraph 50.

51. Defendants deny the allegations contained in Paragraph 51.

52. Defendants deny the allegations contained in Paragraph 52.

## FOURTH CAUSE OF ACTION

53. Defendants repeat and make a part hereof their responses to the allegations contained in Paragraphs 1 through 52.

54. Defendants deny the allegations contained in Paragraph 54.

55. Defendants deny the allegations contained in Paragraph 55.

56. Defendants deny the allegations contained in Paragraph 56.

57. Defendants deny the allegations contained in Paragraph 57.

58. Defendants deny the allegations contained in Paragraph 58.

59. Defendants deny the allegations contained in Paragraph 59.

60. Defendants deny the allegations contained in Paragraph 60.

61. Defendants deny the allegations contained in Paragraph 61.

## FIFTH CAUSE OF ACTION

62. Defendants repeat and make a part hereof their responses to the allegations contained in Paragraphs 1 through 61.

63. Defendants deny the allegations contained in Paragraph 63.

64. Defendants deny the allegations contained in Paragraph 64.

65. Defendants deny the allegations contained in Paragraph 65.

66. Defendants deny the allegations contained in Paragraph 66.

67. Defendants deny the allegations contained in Paragraph 67.

## PRAYER

68. Defendants deny the allegations contained in Paragraph 68.

69. Defendants deny the allegations contained in Paragraph 69.

70. Defendants deny the allegations contained in Paragraph 70.

71. Defendants deny the allegations contained in Paragraph 71.

72. Defendants deny the allegations contained in Paragraph 72.

73. Defendants deny the allegations contained in Paragraph 73.

74. Defendants deny the allegations contained in Paragraph 74.

## SEPARATE DEFENSES

### FIRST SEPARATE DEFENSE

The Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

### SECOND SEPARATE DEFENSE

Any loss sustained by Plaintiff was due to the negligence of Plaintiff or some other third party over whom Defendants exercised no control.

### THIRD SEPARATE DEFENSE

Plaintiff's Complaint is barred by the doctrine of estoppel.

### FOURTH SEPARATE DEFENSE

Plaintiff's Complaint is barred by the doctrine of laches.

### FIFTH SEPARATE DEFENSE

Plaintiff's Complaint is barred by the doctrine of waiver.

### SIXTH SEPARATE DEFENSE

Plaintiff's claims are reduced by the doctrine of set-off.

### SEVENTH SEPARATE DEFENSE

Plaintiff's Complaint is barred by the doctrine of unclean hands.

**EIGHTH SEPARATE DEFENSE**

Plaintiff's Complaint is barred by the doctrine of accord and satisfaction.

**NINTH SEPARATE DEFENSE**

Plaintiff's claims are barred due to failure of consideration.

**TENTH SEPARATE DEFENSE**

This Court lacks personal jurisdiction over the Defendants.

**WHEREFORE**, Defendants All American Games and Douglas Berman request judgment in their favor and against Chad Carpenter dismissing the Complaint with prejudice, together with costs.

                                              **RONALD T. NAGLE, P.C.**
                                              Attorney for All American Games
                                              And Douglas Berman

Dated: September 27, 2016                    By: /s/ Ronald T. Nagle
                                                         RONALD T. NAGLE

**COUNTERCLAIM**

Defendant/Counterclaimant All American Games, LLC ("AAG") by way of Counterclaim against the Plaintiff says:

1.    AAG is a New Jersey limited liability company located in Rockaway, New Jersey.

2.    According to his Complaint, Plaintiff is an individual who resides in Arizona.

3. This Court has supplemental jurisdiction as to this Counterclaim pursuant to 28 U.S.C. § 1367.

**FACTS**

4. AAG, through a wholly owned subsidiary, Football University, LLC ("FBU") operated football camps in more than 20 markets throughout the United States, including camps in Phoenix, Seattle, Denver, Los Angeles and Northern California. It also operates a national youth football tournament, the FBU National Championship, for all-star teams of 6th, 7th and 8th grade football players. Many of the participating teams are based in the western region of the U.S.

5. Plaintiff was a former employee of AAG and worked in FBU's prep/youth football business as a regional player representative in the western region. In that capacity, Plaintiff was responsible for assisting in recruiting athletes to attend to the FBU football camps and recruiting teams to participate in the FBU National Championship.

6. Plaintiff began his association with AAG first as a coach at the FBU camps in 2010. He became a full time employee in September 2012. In 2015, Plaintiff was being paid a base salary of $65,000 and was eligible to receive commissions on camp revenues from his region as well as from the payments by the teams participating in the FBU National Championships. Prior to his dismissal, in 2015 Plaintiff was paid $7,500 in commissions for his work on the 2014 FBU National Championship and $3,110 for regional combines he conducted as part of promoting the 2015 FBU regional camps in his region.

7. In May of 2015, AAG uncovered a troubling and improper relationship between Plaintiff and another former employee of AAG and began to investigate. Among other matters, Plaintiff and the former employee had developed the practice of calling each other by "special" names – Stan and Dorothy.

8. It was uncovered that the other former employee was manipulating AAG's database and financial systems to inflate the revenue numbers for the FBU regional camps being held in Phoenix, Seattle and California. For example, attached as Exhibit A is an email exchange from April 28, 2015 where Plaintiff and the other former employee discuss getting the Seattle camp revenues to a certain level in order for Plaintiff to earn a higher commission.

9. As a result of the illegal financial manipulations uncovered, on June 2, 2015 the other former employee was terminated for cause.

10. During the investigation prior to the dismissal, and thereafter, AAG found considerable evidence that Plaintiff was fully knowledgeable of the fraudulent actions of the dismissed former employee.

11. Additionally, as further review was conducted it was found that Plaintiff extended reduced pricing to customers that were unauthorized by AAG in order to inflate the revenue numbers for those camps, and which has caused AAG long term damage in those markets.

12. AAG also uncovered instances of Plaintiff's gross insubordination with respect to his supervisor.

13. Based upon all these discoveries, Plaintiff was terminated for cause.

14. The discoveries of the financial manipulations with respect to the Phoenix, Seattle and California camps required AAG's finance department to conduct audits of the transactions for those camps to reconcile what was reflected in the database system and the funds actually received in AAG's bank account. There was a considerable discrepancy discovered in this audit.

15. Plaintiff was advised that in determining any monies due to him for commissions subsequent to his termination would depend upon an audit of the camps.

16. At considerable time and expense, AAG determined the actual revenues from the Phoenix and Seattle camps net of the fraudulent entries and unauthorized sales. Those recalculated revenues were provided to Plaintiff and to Plaintiff's Counsel.

17. Under the commission plan, there was no commission payable to Plaintiff for the Phoenix camp. For the Seattle camp, based upon the post-audit revenues, Plaintiff was entitled to a $2,500.00 commission.  AAG offered to pay him that commission.

18. Thus, AAG has multiple defenses to the Complaint in this matter.  AAG also has this Counterclaim against Plaintiff.

**FIRST COUNT**
**(Breach of Contract)**

19. Defendant/Counterclaimant repeats and makes a part hereof of the allegations contained in Paragraphs 1 through 18.

20. By committing the acts set forth herein, Plaintiff has breached the terms of the Agreement with AAG/FBU.  Specifically and without limitation Plaintiff failed to follow FBU procedures with regard to billing and pricing for camps, which were part of

Plaintiff's job responsibilities pursuant to his Agreement with AAG. Plaintiff was also insubordinate to his FBU supervisor, which was also in violation of FBU's policies and procedures.

21.     By committing the acts alleged herein, Plaintiff breached the Agreement with AAG and Plaintiff's breach of the Agreement is continuing.

22.     Defendant/Counterclaimant has been and continues to be irreparably harmed by virtue of Plaintiff's breach of the Agreement and has suffered damage to its reputation and monetary damages as well.

**WHEREFORE**, Defendant/Counterclaimant All American Games, LLC requests judgment in its favor and against Chad Carpenter for compensatory and consequential damages, together with interest, costs and all other equitable and legal relief to which it is entitled.

### SECOND COUNT
### (Unjust Enrichment)

23.     Defendant/Counterclaimant repeats and makes a part hereof the allegations contained in Paragraphs 1 through 22.

24.     Defendant/Counterclaimant has performed its obligations pursuant to the agreement with Plaintiff by paying Plaintiff his salary and commissions and has done so in reliance on the Plaintiff performing as required by their agreement.

25.     The Plaintiff has accepted the benefits of Defendant's performance under the agreement by accepting payment of his salary and commissions but has not performed as agreed upon as set forth above.

26. The Plaintiff has received benefits in the form of salary and commissions to which he is not entitled and has been unjustly enriched at the expense of AAG.

**WHEREFORE**, Defendant/Counterclaimant All American Games, LLC requests judgment in its favor and against Chad Carpenter for compensatory and consequential damages, together with interest, costs and all other equitable and legal relief to which it is entitled.

### THIRD COUNT
### (Breach of Implied Covenant)

27. Defendant/Counterclaimant repeats and makes a part hereof the allegations contained in Paragraphs 1 through 26.

28. Plaintiff was an employee of AAG and, as such, owed to AAG fiduciary duties under Arizona law. As such, a special relationship existed between Plaintiff and AAG.

29. Implied in the agreement between Plaintiff and the Defendant is a covenant that the Plaintiff would not do anything to deprive the Defendant of the benefits of the agreement between them and that the Plaintiff would perform his obligations under the agreement in such a manner as to ensure that the purpose of the agreement was accomplished.

30. By committing the acts alleged herein, the Plaintiff has breached the implied covenant of good faith and fair dealing in the agreement and deprived the Defendant of the benefits of their bargain.

**WHEREFORE**, Defendant/Counterclaimant All American Games, LLC requests judgment in its favor and against Chad Carpenter for compensatory and consequential

damages, together with interest, costs and all other equitable and legal relief to which it is entitled.

### FOURTH COUNT
**(Breach of Fiduciary Duty of Good Faith and Loyalty to AAG)**

31. Defendant/Counterclaimant repeats and makes a part hereof the allegations contained in Paragraphs 1 through 30.

32. Under Arizona law, Plaintiff owed fiduciary and other duties of loyalty to Defendant because Plaintiff was an employee of AAG.

33. These duties of loyalty and candor to Defendant include, inter alia, the duties (a) to act in good faith, (b) to follow AAG's rules and procedures, and (c) to not interfere with AAG's existing and potential business relationships.

34. By virtue of the acts alleged herein, Plaintiff breached these duties and has harmed and will continue to harm Defendant.

35. As a result of Plaintiff's actions as alleged above, AAG has suffered and will continue to suffer irreparable harm in the form of damage and injury to its business, reputation and goodwill, and will sustain serious loss of revenues, profits and market share.

**WHEREFORE**, Defendant/Counterclaimant All American Games, LLC requests judgment in its favor and against Chad Carpenter for compensatory and consequential damages, together with interest, costs and all other equitable and legal relief to which it is entitled.

## FIFTH COUNT
### (Conversion)

36. Defendant/Counterclaimant repeats and makes a part hereof the allegations contained in Paragraphs 1 through 35.

37. Plaintiff misappropriated the assets of AAG by offering discounted rates to FBU camp attendees in violation of AAG policies and Plaintiff was involved in an inflated revenue scheme that created false revenues for commission purposes for the Plaintiff.

38. By committing these acts of misappropriation, the Plaintiff has wrongfully and without justification converted to his own use the property of AAG.

39. As a result of these acts of conversion, AAG has been harmed.

**WHEREFORE**, Defendant/Counterclaimant All American Games, LLC requests judgment in its favor and against Chad Carpenter for compensatory and consequential damages, together with interest, costs and all other equitable and legal relief to which it is entitled.

**RONALD T. NAGLE, P.C.**
Attorney for All American Games
And Douglas Berman

Dated: September 27, 2016          By: /s/ Ronald T. Nagle
                                           RONALD T. NAGLE