**WO**

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Chad Carpenter, an individual,<br><br>                Plaintiff/Defendant,<br><br>v.<br><br>All American Games, a limited liability company, Douglas Berman, an individual, and Does 1-30, inclusive,<br><br>                Defendants/Counterclaimants. | No. CV16-01768-PHX DGC<br><br>**ORDER** |

        Defendant Douglas Berman has filed a motion to dismiss Plaintiff's claims against him for lack of personal jurisdiction pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure.  Doc. 29.  The motion is fully briefed (Docs. 29, 31, 32), and no party has requested oral argument.  For the reasons set forth below, the Court will grant Berman's motion.

**I.      Background.**

        Plaintiff Chad Carpenter sued Berman, All American Games, LLC ("AAG"), and Does 1-30 for defamation, unpaid wages, unjust enrichment, and breach of contract. Doc. 1.  Plaintiff was employed by AAG, a company operating football camps throughout the United States, including Arizona.  Doc. 20, ¶ 4.  Berman is the Chairman of AAG and Plaintiff's former boss.  Doc. 29 at 2; Doc. 29-1 at 2.  Berman is a long-time resident of New Jersey and does not own property in Arizona, nor has he done any business in or had any personal contacts with Arizona.  Doc. 29-1, ¶ 3.

## II.   Legal Standard.

"When a defendant moves to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that the court has jurisdiction over the defendant." *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006). "Where, as here, the defendant's motion is based on written materials rather than an evidentiary hearing, the plaintiff need only make a prima facie showing of jurisdictional facts to withstand the motion to dismiss." *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011). "The plaintiff cannot 'simply rest on the bare allegations of its complaint,' but uncontroverted allegations in the complaint must be taken as true." *Id.* (quoting *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004)). The Court may not assume the truth of allegations in a pleading that are contradicted by an affidavit, but factual disputes are resolved in Plaintiff's favor. *Id.*

## III.   Analysis.

"Federal courts ordinarily follow state law in determining the bounds of their jurisdiction over persons." *Walden v. Fiore*, 134 S. Ct. 1115, 1121 (2014) (citation omitted). Arizona has authorized its courts to exercise jurisdiction to the maximum extent permitted by the Due Process Clause of the U.S. Constitution. *See* Ariz. R. Civ. P. 4.2(a). Thus, courts in the District of Arizona may exercise jurisdiction over a defendant who is not physically present in Arizona if the defendant has minimum contacts with the State, such that the suit can be maintained without offending traditional notions of fair play and substantial justice. *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

The Court may assert "general" personal jurisdiction over a defendant whose activities in the forum State are substantial or continuous and systematic, even if the plaintiff's claims are unrelated to those activities. *See Haisten v. Grass Valley Med. Reimbursement Fund, Ltd.*, 784 F.2d 1392, 1396 (9th Cir. 1986) (citing *Data Disc, Inc. v. Syst. Tech. Assoc., Inc.*, 557 F.2d 1289, 1287 (9th Cir. 1977)). Alternatively, "specific" personal jurisdiction can be established when the defendant purposely directed conduct at the forum, the claim arises out of the defendant's forum-related activities, and the

exercise of jurisdiction comports with fair play and substantial justice. *Mavrix Photo*, 647 F.3d at 1227-28. The first requirement of specific jurisdiction – purposeful direction – can be satisfied when a defendant (1) commits an intentional act, (2) expressly aimed at the forum, (3) which causes foreseeable harm in the forum. *Id.* This test is sometimes referred to as the "effects test." *Id.*

The effects test does not "stand for the broad proposition that a foreign act with foreseeable effects in the forum state always gives rise to specific jurisdiction." *Wash. Shoe Co. v. A-Z Sporting Goods Inc.*, 704 F.3d 668, 675 (9th Cir. 2012) (citation and quotation marks omitted). Nor does the effects test mean that specific jurisdiction may be based solely on a defendant's knowledge that the subject of his tortious activity resides in a particular State. *See Walden*, 134 S. Ct. at 1125. "The proper question is not where the plaintiff experienced a particular injury or effect but whether the defendant's conduct connects him to the forum in a meaningful way." *Id.*

Plaintiff does not argue that the Court has general personal jurisdiction over Berman, nor could he, given that Berman does not have substantial or continuous and systematic contacts with Arizona. *See Haisten*, 784 F.2d at 1396. Accordingly, the Court will consider only whether it has specific jurisdiction.

In response to Berman's motion, Plaintiff addresses only his defamation claim. Doc. 31 at 3-4. He makes no mention of other claims in his complaint, and the complaint itself fails to state whether Berman is a named Defendant in the other claims. *See* Doc. 1 at 7-11. The Court therefore will address only the defamation claim.

Plaintiff alleges that, after his termination from AAG, Berman and AAG sent an e-mail regarding his termination to over 200 employees and outside affiliates. Doc.1, ¶ 13. Plaintiff argues that the Court has specific personal jurisdiction over Berman because, by this email, Berman "engaged in meaningful contacts in Arizona in connection with [his] defamation of Plaintiff[,] with knowledge that his acts would result in Plaintiff suffering significant injury in Arizona, where Plaintiff is a resident[.]" Doc. 31 at 2. Plaintiff argues that the alleged harm was foreseeable because of Plaintiff's professional contacts

in Arizona and because of a "cease and desist" letter that Plaintiff allegedly sent to Berman informing him that his conduct was causing harm in Arizona. *Id.* at 4-5.

Plaintiff asserts that the email was received by some individuals in Arizona, but this allegation is not contained in Plaintiff's complaint (Doc. 1, ¶¶ 13-14) and Plaintiff submits no evidence with his motion to support it (Doc. 31 at 4). Plaintiff's argument instead focuses primarily on the effect of Berman's conduct in Arizona. But effects in a forum State, even if foreseeable, are not sufficient for specific personal jurisdiction without some defendant-initiated contact with the State. As this Court has previously held, specific jurisdiction cannot be based "solely on a defendant's knowledge that the subject of his tortious activity resides in a particular state." *Wake Up & Ball LLC v. Sony Music Entm't Inc.*, 119 F. Supp. 3d 944, 948 (D. Ariz. 2015). The connection to Arizona "must arise out of contacts that the 'defendant himself' creates with the forum State. . . . We have consistently rejected attempts to satisfy the defendant-focused 'minimum contacts' inquiry by demonstrating contacts between the plaintiff (or third parties) and the forum State." *Walden*, 134 S. Ct. at 1122 (citations omitted; emphasis in original).

Plaintiff has made no allegation and presented no evidence that Berman sent the email to Arizona or otherwise initiated contacts with the State. The Court therefore finds that Berman does not have sufficient minimum contacts for it to exercise jurisdiction over Berman.

**IT IS ORDERED:**

1. Defendant's amended motion to dismiss the claims against Defendant Douglas Berman (Doc. 29) is **granted.**

2. Plaintiff's request for leave to amend (Doc. 31 at 6) is **granted**. Plaintiff may file an amended complaint, adding allegations only with respect to this personal jurisdiction issue, on or before **April 7, 2017**. Plaintiff's request for jurisdictional discovery is denied. The defense of lack of personal jurisdiction was first asserted by Defendants in August (Doc. 14 at 6), discovery has been underway since September, and

Plaintiff has had ample time to develop evidence to support his personal jurisdiction allegations.

       3.     If Defendants believe that a personal jurisdiction issue remains after any amended complaint is filed, they may raise that issue in their dispositive motion due on May 26, 2017.  Given the amount of time Defendants waited to file their motion to dismiss – approximately seven months after they were served and more than five months after they raised the issue in their answer – they may not file another motion to dismiss.

       Dated this 23 day of March, 2017.

_____
David G. Campbell
United States District Judge